UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAND FAMILY, L.L.C., a Missouri, Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>MDF, INC., a Delaware Corporation,<br><br>    Defendant/Third -Party Plaintiff,<br><br>vs.<br><br>WENAMERICA, L.L.C.<br><br>    Third-Party Defendant. | Case No. 4:04CV211SNL |

## ORDER

This matter is before the Court on a Motion to Compel Arbitration and Stay Proceedings filed by Third-Party Defendant WenAmerica, L.L.C. ("WenAmerica") on April 22, 2005 (#74). Plaintiff Land Family, L.L.C. ("Land Family) has responded to the instant motion and opposes a stay of proceedings to the extent that the request for a stay encompasses Land Family's claims against Defendant/Third-Party Plaintiff Davco Food, Inc. ("Davco") and Defendant/Third-Party Plaintiff MDF, Inc. ("MDF"). Davco and MDF have responded in opposition to the instant motion, but argue that if the instant Motion is granted, then the Court should stay the entire trial and not just the claims brought by WenAmerica. This case is set for a jury trial on July 11, 2005.[1]

---

[1] Motions for summary judgment have been filed in this case; however, the Court must first rule on the instant motion, which could stay the case, before it could consider the pending motions for summary judgment.

At issue is whether there is an arbitration agreement that applies to stay this case, and if so, whether the Court must stay part of the case or the entire case. Under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, the Court must stay litigation pending arbitration as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action** until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3. (emphasis added)

The Federal Arbitration Act evinces a strong federal policy in favor of arbitration. See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); In re Hart Ski Manufacturing Company, 711 F.2d 845, 846 (8th Cir. 1983). Once a party moves for a stay of proceedings pursuant to the Federal Arbitration Act, the Court must apply a two-part analysis to determine (1) whether the parties have entered into a valid agreement to arbitrate, and (2) whether the existing dispute falls within the scope of the arbitration agreement. Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001); Teamsters Local Union No. 688 v. Industrial Wire Products, Inc., 186 F.3d 878, 881 (8th Cir. 1999). "We apply ordinary state law contract principles to decide whether parties have agreed to arbitrate a particular matter," giving "healthy regard for the federal policy favoring arbitration." Keymer v. Management Recruiters Int'l, Inc., 169 F.3d 501, 504 (8th Cir. 1999) (citation omitted). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." Moses H. Cone Memorial Hospital, 460 U.S. at 24-25.

In this case, Land Family filed suit against MDF for breach of contract and for waste pursuant to a Lease Agreement that was executed on September 9, 1985 by and between A&O Investments as landlord and Davco as tenant. Land Family alleges that it is the successor-in-interest to A&O Investments as landlord and MDF is the successor-in-interest to Davco as tenant. Thereafter, MDF and Davco filed Third-Party Complaints against WenAmerica for breach of a Master Sublease Agreement by and between them and WenAmerica, as the successor-interest to Western & Southern Food Services, L.L.C, WenAmerica's alleged predecessor. As an affirmative defense, WenAmerica alleged the disputes were subject to binding arbitration.

The Master Sublease Agreement was entered into pursuant to an Asset Purchase and Sale Agreement that was executed on September 24, 1997 by and between Davco, MDF and Western & Southern Food Services L.L.C. Pursuant to the Asset Purchase and Sale Agreement, and specifically, Article 8.17, "any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be finally settled by arbitration in St. Louis, Missouri by a single arbitrator in accordance with the Commercial Rules of the American Arbitration Association." MDF and Davco do not dispute the validity of Article 8.17, but rather argue that it is not applicable to stay this case, an argument that involves the scope of the agreement, which will be discussed below. Based on the language contained within Article 8.17, this Court finds a valid agreement to arbitrate.

This Court must now determine whether the dispute falls within the scope of the arbitration agreement. In this case, the Asset Purchase and Sale Agreement executed by and between Davco, MDF and WenAmerica included the restaurant and premises that is the basis of the Third-Party Complaints. MDF and Davco assert that the language of the Master Sublease should be controlling over the language of the Asset Purchase Agreement, and that the Master

Sublease allows for court remedies. In reply, WenAmerica argues that the Master Sublease expresses that it was entered into pursuant to, in connection with and as a part of the transaction governed by the Asset Purchase and Sale Agreement between Davco and MDF and Western & Southern Food Services, L.L.C.. Also, in reply WenAmerica argues that Article 8.14 of the Asset Purchase and Sale Agreement states that where "there are inconsistencies or conflicts between the provisions of this Agreement and any documents executed in connection with the transaction contemplated herein, the provisions of this Agreement shall prevail, except where expressly provided to the contrary."

WenAmerica notes that there is no express provision in the Master Sublease to the contrary, and in fact Section 12(b) of the Master Sublease states that, "in the event of a conflict between the provisions of this Sublease and the provisions of the Asset Purchase and Sale Agreement, **the Asset Purchase and Sale Agreement shall prevail**." (emphasis added). Thus, the Asset Purchase and Sale Agreement's arbitration clause should prevail over the Master Subleases allowance for court remedies. Even if there are any doubts regarding which provision should prevail, and this Court has none, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." Moses H. Cone Memorial Hospital, 460 U.S. at 24-25. Therefore, this Court finds that the existing dispute falls within the scope of the arbitration agreement.

Finally, Land Family has argued in its memorandum in opposition to the Motion that if this Court were to grant the instant Motion, then this Court should stay only the Third-Party claims and should allow Land Family to proceed on its claims against Davco and MDF. Land Family has cited absolutely no case law in its two-page memorandum to support the proposition that this

Court either can or should stay only part, and not all of this case. The Federal Arbitration Act, 9 U.S.C. §3, states that this Court "shall on application of one of the parties stay the *trial* of the action." (emphasis added). The act does not say that this Court shall stay only the claims brought against the individual applying for a stay of the proceedings.[2]

Therefore, in finding that the parties have entered into a valid agreement to arbitrate, and that the existing dispute falls within the scope of the arbitration; this Court should grant the instant Motion and stay the trial pursuant to 9 U.S.C. § 3.

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendant WenAmerica, L.L.C.'s Motion to Compel Arbitration and Stay Proceedings (#74) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **STAYED** pending notification by the parties that arbitration has been exhausted and the stay is due to be lifted or the case is due to be dismissed. The Clerk shall terminate all deadlines and motions, and administratively close this case. This case shall be **DISMISSED** from the Court's trial docket of July 11, 2005.

**IT IS FINALLY ORDERED** that Third-Party Defendant WenAmerica, L.L.C. is **DIRECTED** to file a status report with this Court on or before August 15, 2005.

Dated this 20th day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] See also, Collins Radio Co. v. Ex-Cell-O Corp., 467 F.2d 995, 1000 (8th Cir. 1972) (holding that order to stay all proceedings pending arbitration did not constitute abuse of discretion even though two of the three counts were separate from the third count which contained arbitration clause).